UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-01571-SEP |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANUM AND ORDER**

Before the Court is Defendant United States Postal Service's ("USPS") Motion for More Definite Statement.  Doc. [4].  For the reasons set forth below, the motion will be denied.

**Facts and Background**

On September 23, 2020, Plaintiff Nancy Taylor filed a pro se petition in the Small Claims Court of St. Francois County, Missouri.  Doc. [3].  Taylor claims she was "not paid for over 4 weeks of work in June & July of 2020," and she was "shorted on a pay check in August of 2020."  *Id.* at 1.  Taylor also alleges she was terminated "through [sic] text message" in September 2020[1] "for going back to college," and she is "still wait[ing] for [her] final paycheck."  *Id.*  Taylor requests $5,000 in damages.  *Id.*  On November 3, 2020, USPS removed this action to federal court.  Doc. [1].

**Legal Standard**

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain a short and plain statement of "the claim showing that the pleader is entitled to relief" and of "the grounds for the court's jurisdiction."  Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement if "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible

---

[1] Taylor first states she was terminated in "September 2020" but later states she was "terminated on August 26th 2020."  Doc. [3].  This inconsistency is irrelevant for purposes of this motion.

pleadings." *Resol. Tr. Corp. v. Fiala,* 870 F. Supp. 962, 977 (E.D. Mo. 1994). Rule 12(e) presents a stringent standard, and "[i]n light of the liberal notice pleading standard of Rule 8 of the Federal Rule of Civil Procedure and the liberal discovery available to both sides, motions for a more definite statement are rarely granted." *NEXTEP, LLC v. Kaba Benzing Am., Inc.*, No. 4:07CV1107 RWS, 2007 WL 4218977, at *2 (E.D. Mo. Nov. 29, 2007). "[T]he only question is whether it is possible to frame a response to the pleading." *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015) (quoting *Ransom v. VFS, Inc.,* 918 F.Supp.2d 888, 901 (D.Minn. 2013)).

## Discussion

USPS argues that Taylor's Complaint—originally fashioned as a pro se petition in Small Claims Court, Doc. [3]—is vague, ambiguous, and fails to conform with Federal Rule of Civil Procedure 8(a). Doc. [5] at 1. USPS cites the Complaint's lack of jurisdictional allegations; information about numbers of hours worked, rate of pay, or the amount of damages alleged; and allegations that Taylor has exhausted her administrative remedies. *Id.* USPS contends that the Complaint merely alleges vague facts and conclusory statements and submits that these insufficiencies "render[] filing a responsive pleading virtually impossible." *Id.* at 2. Taylor has not responded to USPS's motion.

Rule 12(e) provides for a more definite statement only if Taylor's Complaint is "so vague or ambiguous" that USPS cannot reasonably respond. *See Scott v. Cricket Commc'ns*, No. 4:10 CV 1913 RWS, 2011 WL 1899206, at *3 (E.D. Mo. May 19, 2011) (finding a party cannot reasonably respond when the party is unable to determine the issues it must contest or where there is a major ambiguity or omission in the complaint). While Taylor's Complaint is not comprehensive, USPS can discern both the nature of the claim pleaded—i.e., failure to pay—and how USPS's conduct allegedly caused Taylor's injury. *See, e.g.*, *Norman v. Cent. Tr. Bank Inc.*, No 6:19-03295-CV-RK, 2019 WL 5847845, at *2 (W.D. Mo. Nov. 7, 2019) (finding a complaint intelligible even when lacking detail because it was clear how defendants' conduct furthered plaintiff's alleged injury). The information USPS seeks from a more definite statement is not indispensable to formulating a response to Taylor's Complaint. Moreover, that information will be easily obtained during discovery. *Cape Dogwood Redev Corp. v. Glob. Bowling, LLC*, No. 1:19CV23 RLW, 2019 WL 4279402 (E.D. Mo. Sept. 10, 2019) (denying a motion for more definite statement for insufficient detail where such details would undoubtedly be ascertained in

2

discovery). Because it is "possible to frame a response to [Taylor's] pleading," USPS's motion is denied. *Boswell*, 91 F. Supp. 3d at 1144.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for More Definite Statement (Doc. [4]) is **DENIED**.

Dated this 12th day of January, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE